# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Torrey Stephon Elliott, ) | Criminal Action No. 5:10-cr-708-MBS |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Movant Torrey Stephon Elliott proceeding *pro se* seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. PROCEDURAL BACKGROUND

On July 7, 2010, a federal grand jury returned an indictment charging Movant with being a felon in possession of a firearm. ECF No. 1. On September 23, 2010, Movant pleaded guilty pursuant to a written plea agreement. ECF Nos. 35 & 39. At the time, Movant was also facing pending state charges for related conduct. As part of the written plea agreement, the Government agreed "to *recommend* to the Orangeburg County Solicitor's Office that the Defendant not be prosecuted for any similar or related state crimes stemming from the incidents on November 30, 2009 . . . ." ECF No. 35 at 7, ¶ 13 (emphasis in the original). The plea agreement also provided that the Defendant understood that "the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to the Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements . . . ." ECF No. 35 at 3, ¶ 3.

Prior to a sentencing hearing, a Presentence Investigation Report ("PSR") was prepared. *See* ECF No. 54. Relevant to the instant § 2255 motion, the PSR revealed several prior convictions of

Movant. These included a conviction for failure to stop at a blue light. ECF No. 54 at 11. The statute governing failure to stop for a blue light in South Carolina provides for a maximum sentence of three years imprisonment. S.C. Code Ann. § 56-5-750(B)(1) (1976). Movant was sentenced to a term of imprisonment not to exceed five years, with his sentence for failure to stop for a blue light consolidated with and to run concurrently with his sentence for the unlawful carrying of a pistol. ECF No. 54 at 10-11. Movant was assigned three criminal history points for his conviction for failure to stop for a blue light. ECF No. 54 at 11. Counsel objected to the PSR, and it was amended to address the issues he raised. *See* ECF No. 54-1.

On February 23, 2011, the court held a sentencing hearing. ECF No. 49. At the sentencing hearing, Movant indicated that he had reviewed the PSR. ECF No. 64 at 2 (transcript of the sentencing hearing). Neither Movant nor his counsel objected to the PSR at the sentencing hearing. *See* ECF No. 64 at 2. Movant's counsel moved for a downward variance, in which he specifically argued that Movant's criminal history category IV "substantially overstates the seriousness of [Movant's] criminal history." ECF No. 48 at 8. Movant's counsel made oral arguments on the motion for a downward variance to the court at the sentencing hearing. ECF No. 64 at 6. The court denied the motion for a downward variance and sentenced Movant to a 70-month term of imprisonment, to be followed by 3 years of supervised release. ECF No. 51. Judgment was entered on February 28, 2011. ECF No. 51.

Movant timely filed this § 2255 motion on February 27, 2012. ECF No. 58. On May 2, 2012, the Government filed a response in opposition and a motion for summary judgment. ECF Nos. 67 & 68. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, the court entered an order explaining the summary judgment procedure and warning Movant of the possible consequences should he fail to respond to the Government's motion. ECF No. 69. Movant subsequently filed a

reply to the Government's response on May 31, 2012.  ECF No. 73.

## II.  DISCUSSION

Movant argues that he received ineffective assistance of counsel.  Movant contends counsel was ineffective for (1) failing "to rebut the calculation of criminal history points attributed at sentencing," and for (2) failing "to secure a fair plea, where enhancements for related conduct, were the very charges conceded to by the plea."  ECF No. 58 at 4-5.  To prove ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  An attorney's performance is deficient when it is not reasonable under prevailing professional norms.  *Id.* at 688.  *Strickland* requires a defendant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*  Even if counsel's performance is outside the wide range of professional assistance, an error by counsel will not warrant setting aside the conviction unless the defendant can also demonstrate prejudice; that is, but for the trial counsel's error the judgment would have been different.  *Id.* at 694.  In order to satisfy the prejudice requirement of *Strickland* in a guilty plea context, such as this one, the defendant must show that there is a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *see also Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

By making a motion for a downward variance, counsel addressed Movant's concerns about his criminal history category.  Despite that motion for a downward variance, Movant

specifically argues that his counsel should have objected to the assignment of three criminal history points for Movant's prior conviction for failure to stop at a blue light. Movant states the conviction "would not qualify as a felony that resulted in a prison term of one year and one month" because under S.C. Code Ann. 56-5-750 a first offense is termed a misdemeanor, even though it carries a penalty of a $500 fine or a sentence of imprisonment of 90 days to 3 years. ECF No. 58-1 at 2-3; S.C. Code Ann. § 56-5-750(B)(1) (1976). Movant argues that without the three criminal history points ascribed for his failure to stop at a blue light, he would be in criminal history category III with a guideline range of 57-71 months imprisonment instead of criminal history category IV with a guideline range of 70-87 months imprisonment. *See* U.S.S.G. § 5A.

Movant was sentenced by a state court to a term of imprisonment not to exceed five years for his prior convictions, with his sentence for failure to stop for a blue light consolidated with and to run concurrently with his sentence for the unlawful carrying of a pistol. ECF No. 48 at 10. Thus, Movant was sentenced to a term of imprisonment of more than one year and one month for his conviction of failure to stop at a blue light—notwithstanding the statute's labeling of the offense as a "misdemeanor"—and Movant was properly ascribed three criminal history points for his prior sentence under U.S.S.G. § 4A1.1.[1] "There can be no claim of ineffective assistance of counsel where, as here, counsel is alleged to have failed to raise a meritless argument. Failure to raise a meritless argument can never amount to ineffective assistance."

---

[1] Movant also argues that he should not have received one criminal history point for his prior conviction for domestic violence, contending that it is an excluded offense under U.S.S.G. § 4A1.2(c). ECF No. 58-1 at 3. This is incorrect. Section 4A1.2(c) makes no mention of domestic violence convictions. U.S.S.G. § 4A1.2(c). Movant was, therefore, properly given an additional criminal history point for that conviction.

4

*Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996).  With respect to Movant's first claim of ineffective assistance of counsel, Movant cannot show that his counsel's representation fell outside "the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at 690.

Movant grounds his second claim for ineffective assistance of counsel in his counsel's failure to object to base offence level enhancements due to "conduct that was part of the instant offense."  ECF No. 58-1 at 5.  Movant's main contention is that he should not have received enhancements for related conduct that was the subject of pending state charges which were subsequently dismissed after the entering of the federal plea.  ECF No. 58-1 at 4-5.  However, "enhanced sentences for related conduct are standard procedure in any sentencing."  ECF No. 58-1 at 5.  This is true regardless of any decision made by state officials about whether or not to prosecute a defendant for related conduct.  *See, e.g.*, U.S.S.G. § 2K2.1 Application Note 14(C) (requiring enhancement if a firearm is used in connection with another felony offense "regardless of whether a criminal charge was brought, or a conviction obtained.").  The Guidelines require the offense level to be determined on the basis of "all acts . . . by the defendant . . . that occurred during the commission of the offense of conviction . . . ."  U.S.S.G. § 1B1.3.  Here, Movant's failure to stop at a blue light and his reckless endangerment of others were acts occurring during the commission of his felon in possession offense of conviction and were, therefore, properly the subject of Guidelines enhancements.  Because the enhancements were correctly applied to Movant, his counsel was not ineffective for failing to raise a meritless objection.

### III. CONCLUSION

For the reasons above, Movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 58) is **DENIED**. The Government's motion for summary judgment (ECF. No. 68) is **GRANTED**.

### Certificate of Appealability

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

October 16, 2014
Columbia, South Carolina